# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RUSSELL BRYANT, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:09-CV-1747 CAS |
| DANIEL DRAGO, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Russell Bryant (registration no. 1148712), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.32. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $121.58, and an average monthly balance of $16.72. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.32, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging excessive force in effectuating an arrest. The named defendant is Daniel Drago, a Detective with the St. Louis Metropolitan Police Department. Plaintiff seeks monetary and declaratory relief.

The complaint is largely comprised of legal conclusions. As is stated above, these statements are not entitled to the assumption of truth, and the Court will ignore these statements. Id. at 1950-51.

In the factual section of the complaint, plaintiff largely cites to defendant's and other police officers' reports regarding the incidents leading to plaintiff's arrest; portions of the reports are also attached as exhibits to the complaint. Plaintiff fails to refute the facts in the officers' reports or offer any independent facts regarding the incident. The facts as stated in the complaint are as follows.

Plaintiff was driving in a stolen vehicle that was spotted by defendant and other covert officers. The officers used spike strips to disable the vehicle. After the vehicle stopped, plaintiff fled the scene on foot.

Defendant yelled at plaintiff, "Police stop." Defendant followed plaintiff into an alley. Defendant saw that plaintiff was holding a small gun in his hand, which plaintiff raised and pointed at defendant. Defendant then fired a shot at plaintiff, which did not hit him.

Plaintiff then fled into an apartment building. When defendant entered the building, plaintiff grabbed defendant's gun with both hands and struggled to gain control of the weapon. Defendant then threw his body into plaintiff and knocked him down. Plaintiff grabbed at the weapon again, and defendant punched plaintiff three times in the face. Plaintiff then got to his feet and ran up a stairwell.

When he reached the top of the stairs, plaintiff ran down a hallway. At the end of the hallway, plaintiff tried to kick a door open but failed to do so. Upon reaching the hallway, defendant ordered plaintiff to drop his weapon and lay on the ground. Plaintiff then turned toward defendant and raised his weapon. Fearing for his safety, defendant fired at plaintiff once; the shot hit plaintiff.

Plaintiff's weapon flew from his hand and fell to the floor. Plaintiff momentarily fell to the floor. As defendant approached plaintiff, plaintiff began to put his hands behind his back. When defendant was about one foot from plaintiff, plaintiff lunged at defendant and grabbed defendant's gun with both hands. Defendant pushed plaintiff away and kicked him once in the face. Defendant was then able to handcuff plaintiff.

Plaintiff's complaint also references the statements of two other police officers who reported that they heard a single gunshot from the location in which plaintiff had fled.

## Discussion

An excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." Kuha v. City of Minnetonka, 328 F.3d 427, 434 (8th Cir. 2003) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). This test "is not capable of precise definition or

mechanical application." Bell v. Wolfish, 441 U.S. 520, 559 (1979). "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396 (citation omitted). In sum, "the nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983).

The allegations in the complaint fail to plausibly demonstrate that defendant used excessive force under the objective reasonableness standard. The allegations demonstrate that plaintiff was fleeing a crime scene while at the same time brandishing a weapon. The allegations further demonstrate that plaintiff both pointed his weapon at defendant and that he also grabbed defendant's weapon in an effort to gain control over it. While plaintiff makes much of the fact that the other officers' reports state that they heard a single gunshot, this does not contradict defendant's statement that he shot at plaintiff twice. This is because the other officers were not necessarily in position to hear the second gunshot, which occurred indoors. Detective Scanlon, for one, stated that he remained at the scene of the stolen car throughout the incident. In sum, plaintiff has failed to demonstrate more than the mere possibility of misconduct, and the allegations do not suggest a plausible entitlement to relief. Iqbal, 129 S. Ct. at 1950-51. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 4]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $24.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

An Order of Dismissal will accompany this Memorandum and Order.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this __10th__ day of November, 2009.